IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JENNINGS,

      Plaintiff,                    No. CIV S-06-2476 LKK DAD P

      vs.

T. SCHWARTZ, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Pursuant to the court's order filed November 15, 2006, plaintiff has filed an application to proceed in forma pauperis. The application filed on December 20, 2006, makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $15.83 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments are to be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's prison trust account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel

1 | in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir.
2 | 1982).

3 |       In the present case, four of the eight defendants held supervisory positions at the relevant times:  Warden T. Schwartz; Chief Medical Officer R.L. Andreasen; Chief Medical Officer James Bick; and Chief Deputy of Clinical Services Nadim K. Khoury.  Plaintiff has not alleged facts showing that any of these defendants engaged in an affirmative act, participated in another person's affirmative acts, or omitted to perform an act which he or she was legally required to do that caused the deprivation of rights asserted by plaintiff.  Because it appears that plaintiff has sued these four defendants solely under a theory of <u>respondeat</u> <u>superior</u>, the court will not authorize service of the complaint on them.

      Similarly, the court will not authorize service of plaintiff's complaint on defendants Alex Liou, M.D.; D. Kearney, Senior Medical Technical Assistant; and T. Donahue, Medical Technical Assistant.  Plaintiff has not alleged facts showing that any of these defendants engaged in an affirmative act, participated in another person's affirmative acts, or omitted to perform an act which he or she was legally required to do that caused the deprivation of rights asserted by plaintiff.  Plaintiff's vague and conclusory allegations of the involvement of these individuals in civil rights violations are not sufficient.

      Plaintiff's allegations concerning delayed and inadequate medical care do not state a due process claim, either procedural or substantive.  However, the allegations of the complaint appear to state a cognizable Eighth Amendment claim for relief against defendant T. Kofoed, M.D., pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven against defendant Kofoed, plaintiff has a reasonable opportunity to prevail on the merits of his Eighth Amendment claim.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 20, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $15.83. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendant T. Kofoed, M.D.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and one copy of the complaint filed November 7, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Kofoed; and

    d. Two true and exact photocopies of the endorsed complaint filed November 7, 2006.

6. Plaintiff shall not attempt service of the complaint and summons on the defendant or request a waiver of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant Kofoed pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: December 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jenn2476.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JENNINGS,

      Plaintiff,                    No. CIV S-06-2476 LKK DAD P

    vs.

T. SCHWARTZ, et al.,           NOTICE OF SUBMISSION

      Defendants.            OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____    one completed summons form;

      _____    one completed USM-285 form; and

      _____    two true and exact copies of the complaint filed November 7, 2006.

DATED: _____.

                                                                                         Plaintiff