IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES JENNINGS,

      Plaintiff,                      No. CIV-S-06-2476 ALA P

  vs.

THERESA SCHWARTZ, et al.,

      Defendants.          <u>ORDER</u>

                             /

      Plaintiff James Jennings is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. On November 7, 2006, plaintiff filed a complaint alleging a violation of plaintiff's constitutional rights. On May 8, 2007, plaintiff filed a first amended complaint.

      The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. *Id.*; *see also* E.D. Local Rule 15-220. Plaintiff's original complaint is therefore dismissed. Additionally, examination of plaintiff's first amended complaint finds that defendants are employees of a governmental entity.

**I**

Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Review of plaintiff's first amended complaint finds that the complaint states a colorable claim for relief against defendants Andreasen, Bick and Kofeld pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). Plaintiff's complaint does not state a colorable claim for relief against defendant Sawicki.

**II**

The allegations of plaintiff's first amended complaint concern plaintiff's medical care and resulting pain. "'The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment.'" *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4 (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

Plaintiff's first amended complaint does not allege that defendant Sawicki purposely failed to act or respond to plaintiff's medical need. In fact, plaintiff's admits that defendant Sawicki attempted to treat plaintiff. *See* First Amended Complaint at 2 ("Dr. Sawicki's attempts to provide treatment to alleviate the constant nagging pain failed."). Additionally, plaintiff admits that it was defendant Sawicki that attempted to have plaintiff's condition alleviated expediently. *See Id*. at 5 ("...Dr. Sawicki's recommendation that this be handled 'ASAP.'"). As such, plaintiff has not alleged that defendant Sawicki was deliberately indifferent to plaintiff's

serious medical needs.

Therefore, based on the above, plaintiff may proceed on his first amended complaint against defendants Andreasen, Bick and Kofed.

### III

To proceed against any other persons, plaintiff must file a second amended complaint. However, as noted above, an amended complaint will supersede the current complaint. Once an amended pleading is filed, the current pleading no longer serves any function.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

4

point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R.

1 CIV. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
2 be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.
3 Admin. Code § 3005.

4      A prisoner may bring no § 1983 action until he has exhausted such administrative
5 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
6 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
7 amended complaint he certifies his claims are warranted by existing law, including the law that
8 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
9 his action.

10 **IV**

11      Therefore,  IT IS HEREBY ORDERED that:

12           1.  Plaintiff's November 7, 2006, complaint is dismissed;

13           2.  Plaintiff's claim against defendant Sawicki is dismissed for the reasons
14 discussed above, with leave to file a second amended complaint within thirty-five (35) days from
15 the date of this order.  Failure to file a second amended complaint will result in defendant
16 Sawicki being dismissed from this action; and

17           3.  Upon filing a second amended complaint or expiration of the time allowed
18 therefor, the court will make further orders for service of process upon some or all of the
19 defendants.

20 /////

21 Dated: January 29, 2008

22                                         /s/ Arthur Alarcón
                                        UNITED STATES CIRCUIT JUDGE
23                                         Sitting by Designation

24

25

26