1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES JENNINGS,

11            Plaintiff,                    Case No. 2:06-cv-02476 ALA (P)

12        vs.

13   THERESA SCHWARTZ, et al.,
                                            FIRST INFORMATIONAL ORDER
14            Defendants.

15   _____/

16           James Jennings ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  In litigating this action, the

18   parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local

19   Rules of the United States District Court, Eastern District of California (Local Rules).  This

20   order highlights specific rules of which the parties should take particular note.  FAILURE TO

21   COMPLY WITH THE FEDERAL RULES, LOCAL RULES, OR A COURT ORDER,

22   INCLUDING THIS ORDER, WILL BE GROUNDS FOR APPROPRIATE SANCTIONS, UP

23   TO AND INCLUDING DISMISSAL OF THIS ACTION. Local Rule 11-110; Fed. R. Civ. P.

24   41(b).

25           1.      Documents intended to be filed with the court by pro se litigants must be mailed

26   to the Clerk of the Court. Local Rule 5-133(d)(1).  All documents improperly mailed to a judge's

1   chambers will be stricken from the record.[1]  A document requesting a court order must be styled

2   as a motion, not a letter. Fed. R. Civ. P. 7.

3       2.      Each document submitted for filing must include the original signature of the

4   filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a).  All documents submitted without

5   the required signature(s) will be stricken.  Each separate document must be bound separately at

6   the top left corner. Local Rule 7-130(b).  If a document is bound behind another document, it

7   will not be filed and will not enter the court docket.

8       3.      All paper documents filed with the court must be submitted with an additional

9   legible conformed copy for the court's use. Local Rule 5-133(d)(2).  If the filing party wishes the

10  court to return a file-stamped copy, he or she must include an additional copy for that purpose

11  (i.e., submit an original and two copies, one for the court's use and one to be returned) AND a

12  pre-addressed postage paid envelope.  The court cannot provide copy or mailing service for a

13  party, even for an indigent plaintiff proceeding in forma pauperis. Copies of documents from the

14  court file may be obtained at the cost of fifty cents per page.

15      4.      After defendants have appeared in an action by filing a response to the complaint

16  (i.e., an answer, a motion to dismiss, or a motion for summary judgment), all documents filed

17  with the court must include a certificate of service stating that a copy of the document was

18  served on the opposing party.  Fed. R. Civ. P. 5; Local Rule 5-135.  A document submitted

19  without the required proof of service will be stricken.  Where a party is represented, service on

20  the party's attorney of record constitutes effective service.

21      5.      All filings must bear the file number assigned to the action, followed by the

22  initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the

23  letter "P."  Where plaintiff simultaneously pursues more than one action, he or she must file

24  separate original documents and the appropriate number of copies in each action to which the

25

26      [1]When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

1  document pertains.  <u>Documents submitted listing more than one case number in the caption will</u>

2  <u>be stricken</u>.

3      6.      The court cannot serve as a repository for the parties' evidence (i.e., prison or

4  medical records, witness affidavits, etc.).  The parties may not file evidence with the court until

5  the course of litigation brings the evidence into question (for example, on a motion for summary

6  judgment, at trial, or when requested by the court).  <u>Evidence improperly submitted to the court</u>

7  <u>will be stricken</u>.

8      7.      The Eastern District of California converted to an electronic filing, service, and

9  storage system, effective January 3, 2005.  Pro se litigants are exempt from the electronic filing

10  requirement and must submit all documents to the court in paper. Local Rule 5-133(b)(2).  Paper

11  documents submitted by pro se litigants for filing will be scanned into the electronic court file by

12  the Clerk's Office.  After being scanned into the electronic court file, the paper documents will

13  be retained in the Clerk's Office for a limited period of time and then discarded. Local Rule 39-

14  138(d).  For this reason, pro se litigants are cautioned not to send original exhibits to the court.

15  When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), the

16  litigants shall retain their original exhibits and send photocopies to the court.

17      8.      After an answer is filed, the court will issue an order opening discovery, and

18  setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial

19  dispositive motions.  <u>No discovery may be conducted without court permission until an answer</u>

20  <u>is filed and the court issues the discovery order</u>.  Discovery propounded on a party is self-

21  executing, and must be served directly on the party from whom discovery is sought; parties

22  should not file copies of their discovery with the court.  Local Rules 33-250, 34-250, 36-250.

23  <u>Discovery documents inappropriately submitted to the court will be stricken</u>. Where the response

24  to discovery is unsatisfactory, the party seeking discovery may file a motion to compel

25  discovery, including a copy of the discovery propounded and the response thereto.  Fed. R. Civ.

26  P. 37.  A motion to compel must be accompanied by "a certification that the movant has in good

1  faith conferred or attempted to confer with the party not making the disclosure in an effort to

2  secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A).  <u>A discovery motion</u>

3  <u>that does not comply with all applicable rules will be stricken and may result in imposition of</u>

4  <u>sanctions</u>.

5       9.    Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be

6  submitted without a hearing. Local Rule 78-230(m).  The parties are referred to Local Rule 78-

7  230(m) for the briefing schedule on motions.

8       10.    All court deadlines will be strictly enforced. Requests for time extensions must

9  state the reason the extension is needed and must be filed with the court before the deadline in

10  question.  Local Rule 6-144.

11       11.    A pro se plaintiff has an affirmative duty to keep the court and opposing parties

12  apprised of his or her address.  Local Rule 83-182(f).  If a plaintiff moves and fails to file a

13  notice of change of address, service of court orders at plaintiff's prior address shall constitute

14  effective notice.  *Id*.  If mail directed to plaintiff is returned by the U.S. Postal Service as

15  undeliverable, the court will not attempt to re-mail it.  If the address is not updated within sixty

16  days of the mail being returned, the action will be dismissed for failure to prosecute.  Local Rule

17  83-183(b).

18  /////

19       IT IS SO ORDERED.

20  DATED:   January 8, 2009

21       _____
         /s/ Arthur L. Alarcón
         UNITED STATES CIRCUIT  JUDGE
22       Sitting by Designation

23

24

25

26

4